Curia, per Wardlaw, J.
In this case there was, on the part of the plaintiff, a joinder in demurrer, but afterwards, without argument, an acknowledgment of the insufficiency of the declaration, and a motion to amend. The defendant complains not of surprise, nor of delay, nor of any circumstances shewing that the discretion of the Circuit Judge was injudiciously exercised; but maintains that the demurrer being sustained when the case was called, whether by the opinion of the Court expressed after argument, or by the submission of the plaintiff, there was such a decision of the issue as precluded subsequent amendment. For this he relies upon the case of Moore v. Burbage, where it is said, “ after a joinder in general demurrer and judgment thereon, it may be laid down as a general rule, that an amendment will not be allowed.” Judgment, used in this extract, refers to the decision of the Court, and not to the subsequent entry of it, made in the record ; but in that case, reasons are given why an amendment should not there have been allowed, to wit, that unjust delay of the plaintiff would have ensued, and that, plainly, the plea which the defendant wished to introduce by amendment, could not have been sustained by the facts. Sufficient reasons will be seen to have caused the refusal of leave to amend, when a demurrer had been sustained after solemn argument, in the case of Hamilton v. Wilson, and probably such reasons existed in most other cases where instances of *158 such refusal may be found, whilst the proceedings were yet in paper. In the case of Cates v. Cureton, leave to amend was given, after joinder in demurrer, when no delay was thereby caused. The cases there referred to, show to what lengths English Courts have gone, in allowing amendments upon equitable terms, when no injustice is thereby effected; t^e observations which in Moore v. Burbage are made concerning the case of McFarland v. Dean, show that in the “free allowance of amendments,” our Courts are not behind the English. This Court concurs with the Circuit Judge, that he had power to grant the leave of amendment here complained of, and that, under the circumstances, he granted it properly.
The motion is dismissed.
Evans, Frost and Withers, JJ., concurred.

Motion refused.